John R. JOYCE

v.

The UNITED STATES.

No. 206–81.

United States Claims Court.

April 5, 1983.

Stephen M. Joyce, Beverly Hills, Cal., for plaintiff.

Robert A. Reutershan, Washington, D.C., with whom was Glenn E. Harris, New York City, and Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant. Gregory Burke, Veterans Admin., Washington, D.C., of counsel.

## OPINION

MARGOLIS, Judge.

This is a civilian pay case before this Court on cross motions for summary judgment, submitted with oral argument. Plaintiff, a former Contact Representative (Veterans Education and Training Representative) with the Veterans Administration (VA), was removed from his position "for such cause as would promote the efficiency of the service" on April 9, 1976. As well as working as a VA Contact Representative, plaintiff was attending college and receiving VA educational benefits. Plaintiff was removed because the VA determined that he had changed his enrollment from a masters program in economics to an undergraduate program in theatre arts without prior VA counseling and approval, registered for a class schedule in conflict with his work schedule, failed to attend classes, and neglected to notify the VA of this failure. Furthermore, plaintiff continued to receive educational benefits even though, as a VA Contact Representative, plaintiff should have known that the above actions were contrary to VA procedures.

Plaintiff appealed the removal decision of Regional Office Director R.F. Welch, who acted as hearing officer at the VA oral reply proceeding, to the Federal Employees Appeals Authority, U.S. Civil Service Commission (Commission), (now the Office of Appeals Operations, Merit Systems Protection Board). After a *de novo* hearing, the Commission sustained the action of the VA on December 6, 1976. On August 2, 1977 plaintiff requested reopening and reconsideration of this decision by the Appeals Review Board, U.S. Civil Service Commission (now the Office of Appeals Review, Merit Systems Protection Board). This request was denied on April 18, 1979.

Plaintiff brought the instant action seeking back pay pursuant to the Back Pay Act, 5 U.S.C. § 5596 (1976). Plaintiff alleges that the determinations of the VA and the Commission were not in accordance with procedural requirements, were arbitrary, capricious, an abuse of discretion, and unsupported by substantial evidence. Specifically plaintiff contends that, among other things, the *ex parte* submission to the hearing officer of a memorandum and its attachments (hereinafter memorandum) dated March 16, 1976, by Veterans Service Officer Charles R. Fikejs, and the subsequent exclusion of testimony on this memorandum by the Commission appeals officer violated procedural due process. Defendant contends that the *ex parte* submission of the memorandum was, at most, harmless error. Defendant argues that the oral reply hearing was not an adversary proceeding, that the memorandum lacked evidentiary value and thus was not prejudicial, and that any prejudice was remediable because plaintiff could have called any appropriate witness to testify about the memorandum at the *de novo* hearing before the Commission.

■ This Court's scope of review in civilian pay cases is limited. Administrative

action is reviewed only to ensure substantial compliance with procedural requirements and that the action was not arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, or contrary to law. *Summers v. United States,* 227 Ct.Cl. 354, 357–358, 648 F.2d 1324, 1326–1327 (1981). Additionally, even if there was error in the administrative process, this Court looks "to see not only whether an error occurred but whether it substantially affected plaintiff's rights in the removal process." *Pascal v. United States,* 211 Ct.Cl. 183, 189, 543 F.2d 1284, 1288 (1976).

The oral reply proceeding before the hearing officer was not a trial-type hearing requiring cross examination relating to the statements in the *ex parte* memorandum. 5 C.F.R. § 752.202(b) (1976); *Grover v. United States,* 200 Ct.Cl. 337, 349–351 (1973). The hearing on appeal was a different matter. The latter was a *de novo* proceeding where the appeals officer was required to "afford the parties opportunity to introduce evidence (including testimony and statements by the appellant, his representative, representatives of the agency, and witnesses), and to cross examine witnesses." 5 C.F.R. § 772.307(c)(3) (1976).

■ The hearing transcript indicates that the Commission appeals officer excluded almost all testimony on the *ex parte* memorandum. In ruling on a continuing objection to the relevancy of plaintiff's testimony on points raised in the memorandum, the appeals officer stated:

> "The objection is sustained on that you are not obliged to defend against the allegations raised in the March 16, 1976 [*ex parte*] memorandum. The only thing that you are obliged to defend against if at all, I mean there's no obligation to defend against those reasons sustained by the agency as forming the basis for removal, you are not obliged to answer or refute those statements raised in that memorandum." Transcript of Hearing on Appeal at 22.

However, the Commission relied on the attachments to the memorandum in supporting its decision to remove the plaintiff. Commission Decision No. SF752B70060 at 5 (December 6, 1976). Thus, plaintiff was not afforded a full and fair opportunity to introduce testimony by himself and others on the memorandum. Such exclusion of testimony violates the purpose and intent of 5 C.F.R. § 772.307(c)(3) (1976). *Harvin v. United States,* No. 167–80C at 7 (Ct.Cl. 1981), 661 F.2d 885, 889 (1981). Furthermore, denial of the opportunity to confront any new relevant evidence which may have been raised in the memorandum and attachments may well have prejudiced plaintiff's rights in the removal process. *Pascal,* 211 Ct.Cl. at 189, 543 F.2d at 1288.

Defendant suggested a remand to the Merit Systems Protection Board if this Court found that exclusion of testimony on the memorandum by the appeals officer was harmful error. Accordingly, it is

ORDERED, that this case is remanded to the Merit Systems Protection Board to afford the plaintiff a full and fair opportunity to introduce evidence and testimony on all points raised in the *ex parte* memorandum, and to conduct such proceedings as it deems proper. The cross motions for summary judgment are denied without prejudice to renewal if the case is not disposed of before the Merit Systems Protection Board. Proceedings in this Court are stayed for 120 days from the date of this Order. The parties shall file joint reports of the status of the remand proceedings with this Court every 60 days from the date of this Order, including notification of any final decision by the Merit Systems Protection Board.